UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| YUSUF BILAAL aka <br> DANIEL P. McKINNEY, <br><br> Petitioner, <br><br> vs. <br><br> JOHN COLEMAN[1], Warden, <br><br> Respondent. | Case No. 3:05CV1733 <br><br> JUDGE DONALD C. NUGENT <br> Magistrate Judge George J. Limbert <br><br><br> REPORT AND RECOMMENDATION <br> <u>OF MAGISTRATE JUDGE</u> |

This matter is before the Court on the motion for relief from judgment under Federal Rule of Civil Procedure 60(b)(6) filed by Petitioner, Yusuf Bilaal, aka Daniel P. McKinney, acting *Pro se,* on April 23, 2012. ECF Dkt. #56. The motion was referred to undersigned on May 3, 2012. ECF Dkt. #57. Respondent, John Coleman filed a response to the motion on May 7, 2012. ECF Dkt. #58. Petitioner filed a reply brief on May 24, 2012. ECF Dkt. #60. For the following reasons, the undersigned recommends that the motion for relief from judgment be denied.

In the motion, Petitioner contends that the Court erred in denying his petition for habeas corpus. Specifically, Petitioner writes, "this Court made a mistake in adopting the Magistrate Judge's Report and Recommendation in both determining that ground four of Petitioner's habeas claim was procedurally barred for failure to properly exhaust in the state courts his Sixth

---

[1] Petitioner is housed at Allen Correctional Institution, where John Coleman is the warden. *See* *www.drc.ohio.gov* "[T]he default rule is that the proper respondent is the warden of the facility where the prisoner is being held . . ." *Rumsfeld v. Padilla,* 542 U.S. 426, 435 (2004). Accordingly, the Petition should be amended to name John Coleman as respondent.

Amendment right to presence at jury trial claim, and in not requiring the state to properly produce the habeas record." ECF Dkt. #56 at 16-17.[2]

A brief review of the post-trial procedural history of this case in state court is necessary to understand Petitioner's arguments. Petitioner asserted as the fourth ground in his habeas petition: "Denial of right to be present at every critical stage of the jury trial." ECF Dkt. #45 at 717. Petitioner raised this claim for the first time in his direct appeal in his jurisdictional memorandum before the Ohio Supreme Court. ECF Dkt. #17 at 535. As a consequence, on August 8, 2006, the undersigned recommended that the claim in ground four was procedurally barred based upon Petitioner's failure to raise this issue in his direct appeal to intermediate appellate court, citing *State v. Phillips* (1971), 27 Ohio St.2d 294, 272 N.E.2d 347. ECF Dkt. #45 at 739-740. The Court adopted the report and recommendation in its entirety on March 7, 2007. ECF Dkt. #48.

On December 20, 2004, during the pendency of his direct appeal to the Ohio Supreme Court, Petitioner, acting *pro se,* filed a state post-conviction petition asserting the same Sixth Amendment claim. In the petition, Petitioner alleged that "[o]n December 1, 2003, a private meeting was held, outside the official court proceeding, in an attempt to subvert Petitioner's exercise of his right to be present at the adjudication of his motions to compel, suppress, and dismiss, his ability to submit evidence relevant thereto, and to otherwise present a defense on his behalf. During said meeting <u>de hors</u> the record, said motions of Petitioner were subsequently denied." ECF Dkt. #17-1 at 563 (emphasis in original). On February 23, 2005, the trial court dismissed the petition, writing that "the files and records herein conclusively demonstrate that the defendant was, in fact, present at all critical stages of the proceedings" and "[t]o the extent that pre-trial conferences were had or

---

[2] Page numbers refer to the PageID numbers in the Court's electronic filing system.

Case: 3:05-cv-01733-DCN  Doc #: 61  Filed:  05/30/12  3 of 9.  PageID #: 873

discovery conferences conducted at such time as defendant was represented by court-appointed counsel, [Petitioner's] presence was not required nor were the proceedings "critical stages" of the proceedings as that concept had been developed under the case law." *Id.* at 577-578.

As of the date that the Petition in this case was dismissed, Petitioner had not appealed the denial of his state post-conviction petition. At that time, Petitioner's ability to appeal the decision was foreclosed by Ohio law due to Petitioner's failure to file a timely appeal. Although the report and recommendation did not specifically refer to the post-conviction petition, it is clear that Petitioner procedurally defaulted his claims in ground four with respect to the post-conviction petition, as well as in his direct appeal. See *Wright v. Bell*, 619 F.3d 586, 603 (6th Cir.2010)(failure to appeal the denial of post-conviction petition results in a procedural default of the claims asserted therein).

After the Petition in this case was dismissed, Petitioner was permitted to file an appeal of the trial court's denial of his state post-conviction petition, due to the trial court's failure to serve a copy of the order dismissing the post-conviction petition to Petitioner. The trial court mailed Petitioner's copy of the order to the wrong prison, despite the fact that Petitioner's correct address was part of the record in state court. The Third District concluded that the time period for filing a notice of appeal was tolled due to the failure of the trial court to serve Petitioner within the time frame provided by Ohio law.  See *State v. McKinney*, 2011-Ohio-3521, 2011 WL 2750943, *3. As a consequence, Petitioner was permitted to appeal the denial of his state post-conviction petition to the Third District Court of Appeals and the Ohio Supreme Court.

The Third District Court of Appeals affirmed the decision of the trial court dismissing the post-conviction petition for two reasons. First, the Third District found that Petitioner could have

3

raised the Sixth Amendment argument on direct appeal, and, therefore, the claim was precluded by *res judicata. Id.* at \*4. Assuming that *res* judicata did not preclude Petitioner's Sixth Amendment claim, the Third District concluded that Petitioner was, in fact, present for the hearing (private meeting) at issue, according to the documents submitted by Petitioner in support of his post-conviction petition, and, therefore, the claim must fail. *Id.* at \*5. Petitioner filed an appeal to the Supreme Court, which was dismissed by the Ohio Supreme Court on November 30, 2011 as not involving any substantial constitutional question. *State v. McKinney*, 2011-1446.

Based upon the foregoing procedural history, Petitioner advances two arguments: First, this Court erred in concluding that his Sixth Amendment claim was procedurally barred, and, second, this Court erred when it did not require Respondent to produce a transcript of the December 1, 2003 hearing. In the opposition brief, Respondent argues that Petitioner's 60(b)(6) motion is untimely. In the alternative, Respondent argues that the facts in this case do not constitute the exceptional circumstances contemplated by Rule 60(b)(6), because the Third District Court of Appeals ultimately held that the Sixth Amendment claim was precluded by *res judicata*, which is another means by which a petitioner commits procedural default for the purposes of habeas review, and because Petitioner has not demonstrated that the December 1, 2003 hearing was transcribed.

It is well settled that the Federal Rules of Civil Procedure "do not extend or limit federal jurisdiction, but they implement the exercise of existing jurisdiction, which has been conferred by statute." *Edwards v. E.I. Du Pont De Nemours & Co.*, 183 F.2d 165, 168 (5th Cir.1950); *Sibbach v. Wilson & Co.*, 312 U.S. 1, 10, 61 S.Ct. 422, 85 L.Ed. 479 (1941)(noting that the federal jurisdiction created by statute may not be extended or restricted by court-enacted rules). It is equally "well established that federal courts are courts of limited jurisdiction, possessing only that

power authorized by the Constitution and statute, which is not to be expanded by judicial decree." *Hudson v. Coleman*, 347 F.3d 138, 141 (6th Cir.2003) (internal citations omitted). The jurisdiction of federal courts to entertain Rule 60(b) challenges to judgments entered in habeas proceedings are brought under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), Pub.L. No. 104-132, 110 Stat. 1214 (1996), and, therefore, it must be predicated on the very same jurisdiction granted to the federal courts by AEDPA. The United States Supreme Court has made clear that, post-AEDPA, Rule 60(b) continues to have "an unquestionably valid role to play in habeas cases." *Gonzalez v. Crosby*, 545 U.S. 524, 534, 125 S.Ct. 2641 (2005). But the *Gonzalez* Court also made it clear that when the AEDPA-amended habeas statutes conflict with Rule 60(b), AEDPA controls. Id. at 529; *Callihan v. Schneider*, 178 F.3d 800, 802 (6th Cir.1999)("[A] statute passed after the effective date of a federal rule repeals the rule to the extent of the actual conflict.")(citing *Autoskill Inc. v. National Educ. Support Sys., Inc.*, 994 F.2d 1476, 1485 (10th Cir.), cert. denied, 510 U.S. 916, 114 S.Ct. 307, 126 L.Ed.2d 254 (1993)).

As a initial matter, the Court must first consider whether Petitioner's motion constitutes a second, successive petition. A Rule 60(b) motion is a second or successive habeas petition when it "seeks vindication of" or "advances" one or more "claims." *Gonzalez* at 531. A "claim" is "an asserted federal basis for relief from a state court's judgment of conviction," and "[a] motion can ... be said to bring a 'claim' if it attacks the federal court's previous resolution of a claim on the merits." *Id.* "On the merits" refers "to a determination that there exist or do not exist grounds entitling a petitioner to habeas corpus relief under 28 U.S.C. §§ 2254(a) and (d)," and a motion does not attack a determination on the merits when the motion "merely asserts that a previous ruling which precluded a merits determination was in error – for example, a denial for such reasons as

5

failure to exhaust, procedural default, or statute-of-limitations bar." *Id.* at 532, n. 4.  In other words, dismissal of a 60(b) motion is not required when the motion attacks, "not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas corpus proceedings." *Gonzalez* at 532.  Here, Petitioner challenges the Court's procedural default ruling and its failure to require Respondent to file a transcript of the December 1, 2003 hearing. Accordingly, the motion does not constitute a second successive petition.

Federal Rule of Civil Procedure 60(b) provides that the court may relieve a party from a final judgment or order for the following six reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

Fed. R. Civ. Pro. 60(b).

A decision to grant or deny a Rule 60(b) motion "is a matter of discretion for the district court." *Bank of Montreal v. Olafsson*, 648 F.2d 1078, 1079 (6th Cir.1981).  Relief from a judgment or order under Federal Rule of Civil Procedure 60(b) is an "extraordinary remedy that is granted only in exceptional circumstances." *McAlpin v. Lexington 76 Auto Truck Stop, Inc.*, 229 F.3d 491, 502-503 (6th Cir.2000).  Moreover,  Rule 60(b)(6) is available only to give extraordinary relief as

6

a means of achieving substantial justice when the other enumerated grounds of Rule 60(b)'s first five clauses are not applicable. *Hopper v. Euclid Manor Nursing Home, Inc.*, 867 F.2d 291, 294 (6th Cir.1989).

Here, Petitioner asserts that the Court made a mistake when it concluded that his Sixth Amendment claim asserted in ground four was procedurally defaulted. Federal Rule of Civil Procedure 60(b)(1) provides that a court may grant relief in cases of "mistake, inadvertence, surprise, or excusable neglect." Fed.R.Civ.P. 60(b)(1). A motion for relief from an order under Rule 60(b) (1) must be brought "no more than a year after the entry of the. . .order." Fed.R.Civ.P. 60(c)(1).

Of course, to the extent that Petitioner seeks relief for the "mistake" of the Court, his motion is untimely and must be denied. Even assuming that the motion was timely filed, the Court did not err when it held that the Sixth Amendment claim was procedurally defaulted. As stated earlier, Petitioner had allowed his appeal time with respect to the post-conviction petitioner to lapse because he never received a copy of the order dismissing his petitioner from the state court. However, Respondent points out that the trial court's dismissal of Petitioner's post-conviction petition was a part of the record in this case. Although Petitioner never received a copy of the order dismissing his post-conviction petition from the state court, he was on notice that his post-conviction petition was dismissed on October 7, 2005, when a copy of the trial court's order was filed as a part of the record with the Court. ECF Dkt. #17.

Petitioner did not request a stay in order to pursue a delayed appeal, and, as a consequence, the Court did not err when it concluded that the Sixth Amendment claim in ground four was procedurally defaulted. Likewise, because there is no evidence that the December 1, 2003 hearing

7

was transcribed, there is no evidence that this Court erred in failing to order Respondent to produce a transcript. Accordingly, the undersigned recommends that Petitioner's motion, to the extent that it is pled pursuant to Rul 60(b)(1) be denied as untimely, or, in the alternative, for failure to articulate any mistake committed by the Court.

Federal Rule of Civil Procedure 60(b)(6) permits the court to grant a motion for relief from judgment for "any other reason that justifies relief." Fed.R.Civ.P. 60(b)(6). The Sixth Circuit has held that a court may grant relief under this rule "'only in exceptional and extraordinary circumstances,' which are defined as those 'unusual and extreme situations where principles of equity mandate relief.'" *Export–Import Bank of U.S. v. Advanced Polymer Sciences, Inc.*, 604 F.3d 242, 247 (6th Cir.2010). In addition, "something more than one of the grounds in subsections (1) through (5)" must be shown to justify relief under Rule 60(b)(6). *East Brooks Books, Inc. v. City of Memphis*, 633 F.3d 459, 465 (6th Cir.2011). "[R]elief under Rule 60(b) is 'circumscribed by public policy favoring finality of judgments and termination of litigation'". *Ford Motor Co. v. Mustangs Unlimited, Inc.*, 487 F.3d 465, 468 (6th Cir.2007) (citations omitted).

Although a motion for relief from an order under Rule 60(b)(6) need not be brought within a year of the order, it still "must be made within a reasonable time." Fed.R.Civ.P. 60(c)(1). A reasonable time depends on the circumstances of each case, including the "length and circumstances of the delay, the prejudice to the opposing party by reason of the delay, and the circumstances compelling equitable relief." *Olle v. Henry & Wright Corp.*, 910 F.2d 357, 365 (6th Cir.1990); *Smith v. Secretary of Health & Human Servs.*, 776 F.2d 1330, 1333 (6th Cir.1985). While the rule does not define "reasonable," courts have found it to be relatively short time frame. See *Lal v. Prudential Securities*, No. 97-4106, 1998 U.S. App. LEXIS 31158, at *8-9 (6th Cir. 1998)(six years

after judgment not reasonable time); *Hence v. Smith*, No. 97-40461, 2007 U.S. Dist. LEXIS 62845, at *3 (E.D. Mich. Aug. 27, 2007)(eight years after judgment not a reasonable time); United *States v. Murillo*, No. 94-81261, 2009 U.S. Dist. LEXIS 65363, at *7 (E.D. Mich. July 29, 2009) ( seven years after judgment not a reasonable time), *Rodriguez v. Mitchell*, 252 F.3d 191, 201 (2d Cir. 2001)(three and one-half years after judgment not a reasonable time). Consequently, based upon the fact that Petitioner had notice of the denial of his state post-conviction petition on October 7, 2005, the undersigned recommends that the Court find that Petitioner's motion is untimely.

Even assuming that the motion was timely filed, Respondent correctly argues that the facts of this case do not constitute the exceptional circumstances contemplated by Rule 60(b)(6). Here, the Third District Court of Appeals ultimately concluded that Petitioner's Sixth Amendment claim was barred by *res judicata*, which constitutes a procedural bar on habeas review. See *Coleman v. Mitchell,* 268 F.3d 417, 427-32(6th Cir, 2001)(procedural default occurs when a state applies *res judicata* to bar review under its post-conviction act). Moreover, there is no evidence to suggest that the December 1, 2003 hearing was transcribed. Accordingly, the undersigned recommends that Petitioner's motion, to the extent that it is pled pursuant to Rule 60(b)(6) be denied as untimely, or in the alternative, because it fails to state exceptional circumstances as contemplated by the Rule.

DATE: May 30, 2012

               */s/George J. Limbert*
               GEORGE J. LIMBERT
               UNITED STATES MAGISTRATE JUDGE

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of this notice. Fed. R. Civ. P. 72; L.R. 72.3. Failure to file objections within the specified time WAIVES the right to appeal the Magistrate Judge's recommendation. L.R. 72.3(b).